Matter of Barnes v Carrigan (2019 NY Slip Op 05815)





Matter of Barnes v Carrigan


2019 NY Slip Op 05815


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

526560

[*1]In the Matter of JESSIE J. BARNES, Appellant,
v
DOE CARRIGAN, as Investigator for the Office of Special Investigations, et al., Respondents.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Jessie J. Barnes, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the Supreme Court (Main Jr., J.), entered April 3, 2018 in Franklin County, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to remove and expunge references to an unusual incident report and use of force report from all records maintained by the Department of Corrections and Community Supervision.
Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to compel respondents to remove and expunge all references to an incident contained in an unusual incident report and use of force report from all records maintained by the Department of Corrections and Community Supervision. Supreme Court granted the petition to the extent of directing expungement of those reports only from petitioner's institutional record. Petitioner appeals, contending that Supreme Court erred in not awarding him reimbursement of his filing fee and other related expenses. Because the record does not reflect that petitioner sought recovery of any costs or disbursements in connection with his petition or, thereafter, moved in Supreme Court for an award of costs and disbursements, the court did not err in failing to award such relief.
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.